UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: DMCA SUBPOENA TO REDDIT INC.,

Case No.  26-mc-80129-LJC

**ORDER DENYING ALI SHAFIEI'S MOTION TO COMPEL TO RESPONSE TO DMCA SUBPOENA**

Re: Dkt. No. 1

Before the Court is Alireza Shafiei's motion to compel Reddit to comply with a subpoena served pursuant to the Digital Millennium Copyright Act (DMCA).  ECF No. 1.  The subpoena demands that Reddit identify a Reddit user known only the username "u/Vegetable_Lettuce450," who reposted a seven-second clip from one of Mr. Shafiei's livestreams with commentary criticizing Mr. Shafiei.[1]  *Id.* at 3.  Mr. Shafiei claims the Reddit Post infringed on his copyright of his livestream.  *Id.*  Reddit objected to the subpoena and has refused to identify Vegetable Lettuce. Mr. Shafiei proceeded to file this miscellaneous action.  All parties have consented to magistrate judge jurisdiction, the matter is fully briefed, and the Court has determined it is suitable for resolution without oral argument.  Civ. L.R. 7-1(b); *see* ECF Nos. 4, 8.  The Court assumes the parties' familiarity with the factual background of this case, the general procedures for DMCA takedown notices, and the relevant legal standard for quashing subpoenas, and for the following reasons DENIES Mr. Shafiei's motion.

Judge Hixson recently resolved a very similar dispute involving Mr. Shafiei.  *See In re DMCA Subpoena to Reddit, Inc. (In re Reddit)*, No. 26-cv-80128-TSH, 2026 WL 1847873, at *2

---

[1] Throughout this Order, the Court refers to the anonymous poster as Vegetable Lettuce and refers to their Reddit post regarding Mr. Shafiei's livestream as the Reddit Post.

(N.D. Cal. June 26, 2026).  The undersigned finds the reasoning in that order persuasive and follows it here.  As Judge Hixson explained, redditors have a First Amendment right to remain anonymous.  *Id.* at *3; *see In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011).  "When adjudicating discovery requests that would unmask an anonymous speaker, then, courts must consider the First Amendment implications of disclosure."  *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, (*In re Twitter*), 608 F. Supp. 3d 868, 876 (N.D. Cal. 2022).  To do so in the context of DMCA subpoenas seeking to unmask anonymous online posters, courts follow a two-step analysis:

> First, the party seeking the disclosure must demonstrate a prima facie case on the merits of its underlying claim. Second, the court balances the need for the discovery against the First Amendment interest at stake. This resembles the analysis courts around the country have employed when adjudicating motions that would result in the unmasking of anonymous speakers.

*Id.*; *see Barnes v. YouTube, Inc.*, No. 25-cv-05901, 2026 WL 412470, at *3 (N.D. Cal. Feb. 13, 2026); *Jones v. Meta Platforms, Inc.*, No. 25-mc-80165, 2025 WL 2308494, at *7 (N.D. Cal. Aug. 11, 2025).

There is no real dispute that Mr. Shafiei has shown that he has a valid copyright in the livestream and that Vegetable Lettuce copied a clip of the livestream without permission.  *See* ECF No. 1-2 (Shafiei Decl.) ¶¶ 11-13; *see* 17 U.S.C. § 106.  But "[n]otwithstanding the provisions of the" copyright act that prohibit unauthorized copying and redistribution of protected material, "the fair use of a copyrighted work . . . is not an infringement of copyright."  17 U.S.C. § 107. When determining if otherwise infringing use of a copyrighted work is "fair," courts consider:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

*Id.*  "Copying does not violate the copyright laws if it constitutes fair use."  *In re Twitter*, 608 F. Supp. 3d at 879.

Consistent with the reasoning in *In re Reddit*, Vegetable Lettuce's Post constitutes fair use.

*See* 2026 WL 1847873, at *10. "Copying a work for the purpose of criticism or commentary," as Vegetable Lettuce has done in their post, "is inherently transformative." *Id.* at *6; *see Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578–79 (1994). The first factor thus weighs in favor of fair use.

The second fair use factor—the nature of the copyrighted work—"calls for recognition that some works are closer to the core of intended copyright protection than others, with the consequence that fair use is more difficult to establish when the former works are copied." *Campbell,* 510 U.S. at 586. "[C]reative works are closer to the core of intended copyright protection than informational and functional works." *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 983 F.3d 443, 455 (9th Cir. 2020) (internal quotations omitted); *see Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1402 (9th Cir. 1997) (finding that "the creativity, imagination and originality embodied in" the original work at issue—*The Cat in the Hat*—tilted "the scale against fair use"). This factor also considers whether the work is unpublished, because "a copyist's initial publication of the work undermines 'the author's right to control the first public appearance of his undisseminated expression.'" *ComicMix*, 983 F.3d at 456 (quoting *Harper & Row, Publishers Inc. v. Nation Enter.*, 471 U.S. 539, 554–55 (1985)). The second factor is not "terribly significant in the overall fair use balancing." *Id.* (internal quotations omitted). Mr. Shafiei argues that the clip of his livestream reflects his "expressive content, performance, and presentation choices." ECF No. 1 at 9; *see* ECF No. 1-1 ¶¶ 10-11. Although the Court supposes that the livestream reflects some nominally creative choices, such as the framing of the video and the selection of emojis animating the screen, the video (which Reddit characterizes as a "stream-of-consciousness diatribe") is hardly a work so creative to be at "the core of intended copyright protection." *Campbell*, 510 U.S. at 586; ECF No. 9 at 15. Moreover, Mr. Shafiei posted his livestream publicly on TikTok, which "undermines" his right and ability to control subsequent distribution of the video. *ComicMix*, 983 F.3d at 456; *see Stebbins v. Alphabet*, No. 22-cv-00546, 2025 WL 2233208, at *6 (N.D. Cal. July 2, 2025). The second factor thus neither strongly favors or disfavors fair use, although in any event, it is not "terribly significant in the overall fair use" analysis. *ComicMix*, 983 F.3d at 456 (internal quotations omitted).

3

United States District Court
Northern District of California

Turning to the third factor, the seven-second clip included in Vegetable Lettuce's post is, presumably, a small portion of Mr. Shafiei's livestream. *See* Shafiei Decl. ¶ 5 (attesting that he "frequently livestream[s]" and has "streamed up to sixteen (16) hours per day"). The use of a seven-second "clip from someone who livestreams up to 16 hours per day is quantitatively insignificant and weighs in favor of fair use." *In re Reddit*, 2026 WL 1847873, at *8 (citing *SOFA Ent., Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1279 (9th Cir. 2013)). Moreover, the "qualitative value of the original work used in relation to the justification for that use" weighs in favor of finding fair use. *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 983 F.3d 443, 456 (9th Cir. 2020). Vegetable Lettuce's post responds directly to Mr. Shafiei's statements in the clip, and their criticism "would lose meaning without reproduction of" Mr. Shafiei's clip. *Stebbins v. Alphabet,* No. 22-cv-00546, 2025 WL 2233208, at *5 (N.D. Cal. July 2, 2025). The Court accordingly finds that the third factor weighs in favor of fair use.

The fourth factor considers the market harm caused by an alleged infringer. *See Campbell*, 510 U.S. at 590. The focus on the analysis is whether the new work will act "as a substitute for" the original work, and not, as in the case of "a lethal parody" or "scathing" review, when the new work "kills demand for the original." *Id.* at 592. Mr. Shafiei argues that Vegetable Lettuce's post, and others like it, harms his reputation and decreases his number of followers, thus decreasing his revenue. *See* Shafiei Decl. ¶¶ 17. But "suppression of demand from criticism is not a cognizable copyright harm" under factor four. *In re Reddit*, 2026 WL 1847873, at *9 (citing *Campbell*, 510 U.S. at 591). Similarly, Mr. Shafiei's argument that unauthorized reproduction of his videos impairs his "ability to control the commercial exploitation of that specific recording and diminishes its value" is unavailing, as "[t]he market for potential derivative uses includes only those that creators of original works would in general develop or license others to develop," which removes "critical reviews or lampoons" from "the very notion of a potential licensing market." ECF No. 10 at 12; *Campbell*, 510 U.S. at 592.

As the first, third, and fourth factors weigh in favor of fair use and the second factor is at most neutral, the Court concludes that Vegetable Lettuce's copying of the livestream clip was fair and does not infringe on Mr. Shafiei's copyright. As the Court concludes that Mr. Shafiei will be

4

unable to prevail on his copyright claim, "the Court need not balance the need for the discovery against the First Amendment interest at stake." *In re Reddit*, 2026 WL 1847873, at *9 (citing *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 883 (N.D. Cal. 2020)).  Mr. Shafiei's motion to compel Reddit's response to the DMCA subpoena is accordingly DENIED.

**IT IS SO ORDERED.**

Dated: July 29, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

5